# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Ronald De'Ray Skipper, #138244 | ) | C/A No. 4:14-4061-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Ronald De'Ray Skipper ("Petitioner/Skipper"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on October 22, 2014. Respondent filed a motion for summary judgment on April 2, 2015, along with a return and supporting memorandum. The undersigned issued an order filed April 2, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a motion for extension of time to file a response which was granted on May 7, 2015, and instructing Petitioner if he did not respond pursuant to the Roseboro order his case may be dismissed for failure to prosecute pursuant to Rule 41(b) of the Fed. R. Civ. P. Petitioner failed to file a response. On June 10, 2015, Petitioner filed a second motion for extension of time requesting that the time period to file a response be extended

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

until June 29, 2015. This motion was granted on June 10, 2015, and instructed Petitioner if he did not file a response by June 29, 2015, pursuant to the Roseboro order his case may be dismissed for failure to prosecute pursuant to Rule 41(b) of the Fed. R. Civ. P.  Petitioner filed a response on July 17, 2015. (Doc. #36).  Respondent filed a reply on July 29, 2015. (Doc. #42).

It is recommended that Respondent's motion for summary judgment be granted and this action be dismissed as barred by the statute of limitations. The procedural history is set forth below for reference purposes.

## I.  PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by Petitioner. Therefore, the undersigned will set out the procedural history as set forth by the Respondent, in part.

Petitioner is currently confined at the Lieber Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Horry County.  Petitioner was indicted by the Horry County Grand Jury during the January 1983 term of the Horry County Court of General Sessions for one count of Murder and one count of Criminal Sexual Conduct in the First Degree (1983-GS-26-86).  (App. 1538-39, Attachment No. 3).   The State served its Notice of Intent to Seek the Death Penalty on November 15, 1982.  (See App. ii). At trial, Petitioner was represented by Richard G. Dusenbury. (App. 1-1271). The State was represented by Solicitor James O. Dunn of the Fifteenth Judicial Circuit's Solicitor's Office. Id. On June 20-24, 1983, Petitioner was tried by a jury before the Honorable Marion H. Kinon, Circuit Court Judge. (App. 1-1270).  Petitioner was convicted of murder and criminal sexual conduct, first degree on June 24, 1983.  (App. 978).  After a sentencing proceeding on the murder conviction, the

2


jury found the existence of the statutory aggravating circumstance that the murder was committed during criminal sexual conduct in the first degree, and further recommended Petitioner be sentenced to death on June 28, 1983. (App. 1264). Petitioner was subsequently sentenced to death for the murder conviction and thirty years confinement for the criminal sexual conduct, first degree conviction, to be served consecutively. (App. 1267, 1541).

**Direct Appeal**

Petitioner timely filed and served a Notice of Appeal on July 5, 1983. (Attachment No. 4). On appeal, Petitioner was represented by Richard Dusenbury and the South Carolina Office of Appellate Defense. (See Attachment No. 5). Petitioner's appeal in state court was perfected with the filing of a Final Brief of Appellant. (Attachment No. 5). In the Final Brief of Appellant, Petitioner raised nine arguments. The State filed a Final Brief of Respondent. (Attachment No. 6). Petitioner filed a Final Reply Brief of Appellant. (Attachment No. 7). In a published opinion filed February 12, 1985, the South Carolina Supreme Court affirmed Petitioner's convictions and sentences. (Attachment No. 8).

Petitioner filed a Petition for Rehearing on March 1, 1985. (Attachment No. 9). On April 3, 1985, the South Carolina Supreme Court issued a letter Order denying the Petition for Rehearing. (Attachment No. 10). The Remittitur was issued on March 5, 1986. (Attachment No. 11).

Petitioner subsequently filed a Petition for Writ of Certiorari to the South Carolina Supreme Court with the United States Supreme Court. (Attachment No. 12). The State filed its Brief in Opposition. (Attachment No. 13). Petitioner filed his Reply to Respondent's Brief in Opposition on June 18, 1985. (Attachment No. 14). The United States Supreme Court granted certiorari to the first question raised by Petitioner by Order filed October 15, 1985. Skipper v. S. Carolina, 474 U.S. 900,

106 S. Ct. 270 (1985). Petitioner subsequently filed a Brief of Petitioner. (Attachment No. 15). In the Brief of Petitioner, Petitioner argued South Carolina had steadfastly refused to acknowledge the relevance, as a mitigating factor, of evidence of a defendant's character or prior record that shows that the defendant would probably prove nonviolent and cooperative in a prison environment if his life is spared. In a published opinion filed April 29, 1986, the South Carolina Supreme Court's opinion was reversed to the extent it affirmed Petitioner's death sentence, and the case was remanded back to state court for further proceedings. Skipper v. S. Carolina, 476 U.S. 1, 106 S. Ct. 1669, (1986). In the Opinion, the United States Supreme Court determined the exclusion from the sentencing hearing of the testimony petitioner proffered regarding his good behavior during the over seven months he spent in jail awaiting trial deprived petitioner of his right to place before the sentencer relevant evidence in mitigation of punishment. Skipper, 476 U.S. at 4, 106 S. Ct. at 1671. The exclusion by the state trial court of relevant mitigating evidence impeded the sentencing jury's ability to carry out its task of considering all relevant facets of the character and record of the individual offender. Skipper, 476 U.S. at 8, 106 S. Ct. at 1673.

Upon remand to the South Carolina Supreme Court, the South Carolina Supreme Court remanded the case back to the Horry County Court of General Sessions for re-sentencing on the murder conviction. (Attachment No. 18). Petitioner was subsequently sentenced to life in his re-sentencing proceeding.

**First PCR Action**

On July 11, 1996, Petitioner filed an Application for Post-Conviction Relief (1996-CP-26-2078), asserting claims of ineffective assistance of trial counsel. (Attachment No. 19). The State served its Return and Motion to Dismiss on August 29, 1996. (Attachment No. 20).

On August 30, 1996, the Honorable Sidney T. Floyd, Chief Administrative Judge for the Fifteenth Judicial Circuit, signed the Order of Dismissal in this matter. (Attachment No. 21). In the Order, the PCR Court noted this matter came before it by way of an Application for Post-Conviction Relief filed July 11, 1996. The Respondent made its Return on August 29, 1996, requesting that the application be summarily dismissed. The PCR Court found that this matter should be summarily dismissed because Petitioner had failed to comply with the filing procedures of the Uniform Post-Conviction Procedure Act. S.C. Code Ann. §17-27-10, et. sea. S.C. Code Ann. §17-27-45(a) reads as follows:

> An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgement of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

Petitioner was convicted of the offenses he challenges in this application on June 29, 1983. Petitioner's resentencing on his Murder conviction, which was the last action in this matter, was concluded on December 2, 1986. The PCR application was filed on July 11, 1996, almost ten (10) years after his resentencing and thirteen years after the jury returned its original, undisturbed guilty verdict. Thus, the PCR application was filed well after the statutory-one year filing period had expired. Therefore, the PCR Court summarily dismissed the action due to Petitioner's failure to file within the time mandated by statute.

**First PCR Appeal**

Petitioner timely served and filed a Notice of Appeal on September 24, 1996. (Attachment No. 22). On appeal, Petitioner was represented by Robert M. Dudek, Assistant Appellate Defender with the South Carolina Office of Appellate Defense. (See Attachment No. 23). Petitioner's appeal

5

was perfected with the filing of a Johnson Petition for Writ of Certiorari. (Attachment No. 23). In the Johnson Petition, counsel argued Petitioner's application was mailed from a correctional institution, and it therefore should not be held to the strict terms of the statute of limitations. Petitioner also filed a *pro se* Johnson Petition and Addendum. (Attachment No. 26). By Order filed June 5, 1997, the South Carolina Supreme Court denied the Johnson Petition for Writ of Certiorari. (Attachment No. 27). In the Order, the Supreme Court noted this matter was before it on a petition for a writ of certiorari following the denial of Petitioner's application for post-conviction relief. Petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further representation. Petitioner had filed a *pro se* petition. The Supreme Court denied the petition and granted counsel's request to withdraw. The Remittitur was issued on June 23, 1997. (Attachment No. 28).

**Second PCR Action**

On January 2, 2001, Petitioner filed a second PCR Application (2001-CP-26-0008), raising allegations of ineffective assistance of trial and PCR counsel and denial of due process relating to his denial of parole and calculation of parole eligibility. (Attachment No. 29). The State served its Return and Motion to Dismiss on or around June 24, 2004. (Supp. App.1-6).

An evidentiary hearing in this action was convened on January 27, 2005, before the Honorable Paula H. Thomas, Circuit Court Judge. (Attachment No. 69, pp. 64-83). Petitioner was present and was represented by Candice Lively. Id. The State was represented by Assistant Attorney General Christopher L. Newton. Id. On March 3, 2005, the PCR Court filed an Order of Dismissal. (Attachment No. 15). In the Order, the PCR Court found that the second application for post conviction relief should be summarily dismissed for failure to comply with the filing procedures of

the Uniform Post-Conviction Procedure Act. S.C. Code Ann. §17-27-10, et. seq. The PCR Court found that Petitioner had failed to present sufficient grounds which would exempt him from the application of the statute of limitations to this action. Therefore, it was dismissed as barred by the statute of limitations. Furthermore, the PCR court summarily dismissed the second PCR application as successive.

**Second PCR Appeal**

On March 15, 2005, Petitioner served and filed a Notice of Appeal. Petitioner was represented by Aileen P. Clare, Assistance Appellate Defender with the South Carolina Office of Appellate defense. Petitioner's appeal was perfected with the filing of a <u>Johnson</u> petition arguing that Petitioner's claims regarding the denial of parole are cognizable in PCR because they involve a liberty interest protected by the state and federal constitutions. The South Carolina Supreme Court denied the <u>Johnson</u> petition by order filed November 2, 2006. The Remittitur was issued on November 20, 2006.

**Third PCR Action**

On January 21, 2004, Petitioner filed a petition for writ of habeas corpus pursuant to S.C. Code Ann. 17-17-10 et seq., asserting claims regarding his parole denial, ineffective assistance of trial counsel for not filing a notice of appeal, and ineffective assistance of PCR counsel. The PCR court filed a conditional order of dismissal on May 3, 2005, finding that the matter should be dismissed after hearing arguments of counsel and that the petitioner was barred by the doctrine of *res judicata*. The Petitioner was granted twenty (20) days from the date of service of the conditional order upon him to show why it should not become final by filing any reasons he may have had with the clerk of court for Horry County, South Carolina. Petitioner was served with the Conditional

Order of Dismissal on January 25, 2006. The PCR court filed its final Order of Dismissal on April 10, 2006. Petitioner served a motion for reconsideration on May 3, 2006. The PCR court filed an order vacating the Order of Dismissal on December 18, 2006, due to Petitioner's argument that he did not receive a full copy of the Conditional Order. The PCR court issued an order dated June 17, 2005, instructing Respondent to re-serve Petitioner with a complete copy of the Conditional Order of Dismissal, while giving Petitioner thirty (30) days to respond from the date the Conditional Order was re-served. Petitioner was served by personal service on January 25, 2006. (App. 1348-49). The PCR court issued a final order of dismissal on April 5, 2006, dismissing Petitioner's application with prejudice.

**Third PCR Appeal**

Petitioner served and filed a notice of appeal on or about January 12, 2009. (Attachment #49). Petitioner was represented by M. Celia Robinson, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal was perfected with the filing of a Johnson petition for Writ of Certiorari. Petitioner also filed a *pro se* petition for writ of certiorari. By order filed May 26, 2011, the South Carolina Supreme Court denied the Johnson petition for Writ of Certiorari. The remittitur was issued on June 13, 2011. (Attachment No. 55).

## II.  GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim in part:

> GROUND ONE:    Was trial counsel ineffective for failing to effectively challenge the pre-trial identification, by expert testimony and as duly suggestive under due process concerns?

>    GROUND TWO:      Was trial counsel ineffective for failing to investigate the specific weapon, i.e., hand, used to cause the demise of the victim?
>
>    GROUND THREE:    Was trial counsel ineffective for failing to move the court to quash the indictment for Murder as insufficient where it failed to provide the statutory elements of §17-90-30?
>
>    GROUND FOUR:     Was trial counsel ineffective for failing to raise a Brady claim due to the disclosure of DNA materials that Petitioner was not permitted to perform[sic] testing and the sample was destroyed prior to trial?
>
>    GROUND FIVE:     It has recently been discovered that PCR/Habeas counsel has a potential and/or actual conflict of interest which arises with his relationship (business and personal) with the individual who Petitioner has claimed committed this criminal act.

(Petition).

### III.  SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.  STANDARD OF REVIEW

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law.  See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review.").  Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d).  See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.   DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Petitioner filed a response in opposition.

The applicable law is as follows: The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.  One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2]  Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

---

[3] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

>>collateral review; or

>>(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

For convictions that became final before the AEDPA's effective date, the limitations period began on April 24, 1996. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); Brown v. Angelone, supra. The period therefore expires on April 24, 1997 (absent tolling). See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

As stated under the procedural history, Petitioner was convicted of murder and criminal sexual conduct in the first degree on June 24, 1983. He was sentenced on June 28, 1983. After appealing his conviction and sentence, Petitioner's death sentence for the murder was reversed by the United States Supreme Court, but his conviction and sentence for criminal sexual conduct in the first degree was not reversed. The remittitur was issued on March 5, 1986, as to that conviction. Petitioner was re-sentenced for the murder on December 2, 1986. Therefore, his conviction for murder became final on December 13, 1986, the day after the time for seeking direct review of the new sentence expired. Petitioner filed his first PCR application on July 11, 1996. The filing of the PCR action did not toll the statute of limitations because it was not a properly filed application for post-conviction relief, and it was dismissed as untimely. The AEDPA was enacted on April 24, 1996. Petitioner's conviction became final before the AEDPA was passed. Therefore, the one-year limitations period for federal habeas petitions began to run on April 24, 1996. Therefore, Petitioner

13

had until April 24, 1997, to timely file his federal habeas action. However, Petitioner did not file this federal habeas petition until October 15, 2014[3], well after the statute of limitations had expired.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (0 Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (*quoting* Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 [" 'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

There is no evidence that warrants equitable tolling. Petitioner has not demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent

---

[3] Houston v. Lack, 487 U.S. 266 (1988), delivery date.

him from timely filing his federal habeas petition. Therefore, the petition should be dismissed as barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## VI. CONCLUSION

As set out above, the Petitioner's federal habeas corpus petition should be dismissed as barred by the statute of limitations. It is, therefore, RECOMMENDED that Respondent's motion for summary judgment (document #18) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 5, 2015
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

15